IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 15 B 23186 |
| Joe L Patton and Georgia A Patton, ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1.    The Debtors are Joe L Patton and Georgia A Patton ("Debtors").

2.    The Creditor is Springleaf Financial Services, Inc. ("Creditor").

**B.    Factual Background**

1.    On or about July 7, 2015, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Debtors own the real estate commonly known as 5550 W. Quincy St., Chicago, IL 60644.

3.    JPMorgan Chase Bank, N.A. holds a first mortgage lien on the real property commonly known as 5550 W. Quincy St., Chicago, IL 60644, with a secured claim of $219,817.05 pursuant to the proof of claim filed on October 27, 2015.

4.    The Creditor holds a second mortgage lien on the real property known as 5550 W. Quincy St., Chicago, IL 60644 in the approximate amount of $78,134.52 pursuant to the proof of claim filed on July 23, 2015.

5.    On June 7, 2015, Debtors' attorney obtained property comparables which show the value of the property located at 5550 W. Quincy St., Chicago, IL 60644 to be $90,000.00.

6. The Modified Chapter 13 Plan filed on December 1, 2015, provides that the Debtors will make monthly payments to the Chapter 13 Trustee in the amount of $1,400.00 per month for 3 months, and $2,025.00 monthly for an additional 57 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 2.00% of their allowed claims.

8. On September 9, 2015, Debtors filed a motion pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Creditor's lien on Debtors' property located at 5550 W. Quincy St., Chicago, IL 60644.

9. That on September 9, 2015, a copy of the Notice of Motion and Motion to Determine Value of Claim 1 Secured by a Lien on Estate Property was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Creditor at ATTN: George D Roach, President, 601 NW Second Street, Evansville, IN 47708 and P.O. Box 3251, Evansville, IN 47731, and also to the Creditor's registered agent, CT Corporation System, at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. To date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $90,000.00.

13. The first secured claim of JPMorgan Chase Bank, N.A. in the amount of $219,817.05 exhausts the value and equity in Debtors' residence.

14. There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first secured lien on the property located at 5550 W. Quincy St., Chicago, IL 60644 in the amount of $219,817.05, and the second secured lien in the amount of $78,134.52.

5. That the value of Debtors' residence is $90,000.00.

6. To the extent that a lien secures a claim against the Debtors that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a Debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v.

PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 2/10/16

Enter: _____
United States Bankruptcy Judge

FEB 10 2016

The Semrad Law Firm, LLC
Attorney for Debtors
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625